**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Room 5-189
NEW YORK, NY 10007

**JERALD HOROWITZ**
Senior Counsel

Tel: (212) 442-0589
Fax:(212) 791-9714
email: jhorowit@law.nyc.gov

s/John Gleeson

*SEPT 1 4 2005*

August 5, 2005  9/2/05

BROOKLYN OFFICE

**BY ELECTRONIC FILING AND MESSENGER**
Hon. John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RECEIVED AUG 8 2005 CHAMBERS OF JUDGE GLEESON

Re: The New Phone Co., Inc. v. City of New York, et al., No. 05-Civ-1702 (JG)(KAM)

Dear Judge Gleeson:

This office represents defendants the City of New York ("the City"), the New York City Department of Information Technology and Telecommunications ("DoITT") and DoITT's Commissioner Gino Menchini. We write to request that the defendants' time to respond to the complaint, filed on April 4, 2005 but not served on our office until August 1, 2005, be held in abeyance until the resolution of pending matters before the Courts. Plaintiffs have no objection to the request.

The complaint names as plaintiffs both The New Phone Company, Inc. and Best Payphones, Inc. -- two closely-held corporations with the same single shareholder. The referenced action is the fourth action to be filed by plaintiff New Phone Company and the fifth action by plaintiff Best Payphones, in this courthouse alone, concerning a series of related transactions involving plaintiffs' desire to operate pay telephones on City property. Moreover, the claims in this latest suit substantially overlap the contents of the previously-filed suits.

Pending before the Court are plaintiffs' objections filed on the Report and Recommendation of Magistrate Judge Kiyo A. Matsumoto, dated May 3, 2005, consolidating her recommendation in six related actions (the "Report") (lead caption was The New Phone Company, Inc. v. City of New York, et al., No. 00-Civ-2007 (JG) (KAM)) ("NPC-1"). The resolution of these objections could moot, or at least substantially affect the nature of, a response (motion practice) from defendants on the complaint in the referenced action. In the Report,

Magistrate Matsumoto, in recommending that plaintiffs be denied leave to amend their complaints, and be enjoined from filing further duplicative actions without leave of the Court, left the status of the referenced complaint unsettled. In our response to plaintiffs' Rule 72 objections to the Report, we argued that it is inappropriate to let the referenced action proceed given the prohibition against claim splitting, or alternatively, to have the referenced action proceed independently from the collection of related lawsuits. See Muncipal Defendants' Memorandum of Law In Opposition to Plaintiffs' Rule 72 Objections, dated June 27, 2005 (at page 12-13).

In addition, dispositive motions are pending before Magistrate Judge Matsumoto on two related actions, NPC-1 and The New Phone Co., Inc. v. DoITT, et al., No. 03-Civ-3978 (JG)(KAM) ("NPC-3"),[1] which may also impact in whole or in part the motion practice necessary to resolve the claims in the referenced action.

For the reasons stated herein, defendants respectfully request that their time to answer, or otherwise respond to the complaint, be held in abeyance until resolution of the matters pending before the Courts.

Respectfully submitted,

Jerald Horowitz (JH 8395)
Assistant Corporation Counsel

Cc: Charles H. Ryans, Esq.
(via fax and mail)

---

[1] The action, The New Phone Co., Inc. v. DoITT, et al., No. 03-Civ-3555 (JG)(RML) ("NPC-2"), was voluntarily dismissed by plaintiff on May 2, 2005.