**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**NEW PHONE COMPANY, INC., BEST PAYPHONES, INC.,**

                Plaintiffs,            **REPORT AND RECOMMENDATION**

    -against-                               05-CV-1702 (JG) (ALC)

**NEW YORK CITY DEPARTMENT OF INFORMATION TECHNOLOGY AND TELECOMMUNICATIONS, THE CITY OF NEW YORK, and COMMISSIONER GINO MENCHINI,** *in His Official Capacity*,

                Defendants.
-------------------------------------------------------------------X

**CARTER, UNITED STATES MAGISTRATE JUDGE:**

    **I.**     **Background**

Before the Court is Plaintiffs' New Phone Company, Inc. ("New Phone") and Best Payphones, Inc. ("Best"), response to the order to show cause issued on October 9, 2007. (*See* docket entry no. 20.) On October 19, 2007, the Honorable John Gleeson, United States District Judge, referred the issue to then-Magistrate Judge Kiyo A. Matsumoto for a report and recommendation. (*See* docket entry no. 30.) The case was transferred to me on July 24, 2009.

I respectfully refer the Court to the ten over-lapping, nearly duplicative actions filed in federal court.[1] I also refer the Court to the recitation of facts as set forth in the various Report and Recommendations relating to this matter. (*See* docket entry no. 161, Report and Recommendation dated May 3, 2005, filed in 00-CV-2007; docket entry no. 210, Report and Recommendation dated November 30, 2006, filed in 00-CV-2007; docket entry no. 20, Report

---

[1]Dockets 00-CV-2007; 01-CV-3934; 01-CV-8506; 03-CV-192; 03-CV-3555; 03-CV-3978; 04-CV-3541; 05-CV-1702; 06-3529; 07-CV-2474.

1

and Recommendation dated October 9, 2007, filed in 05-CV-1702.) With that foundational predicate, I will discuss whether Plaintiffs' complaint filed on April 4, 2005 ("05-CV-1702 complaint") should be dismissed pursuant to the doctrine of res judicata. I will also discuss whether the Court should grant Plaintiffs' motion to withdraw the action without prejudice under Fed. R. Civ. P. 41(a)(2).

## II. Procedural History

### A. August 5, 2005 Injunction

On April 4, 2005, Plaintiffs filed the 05-CV-1702 complaint. (*See* docket entry no. 1.) On May 3, 2005 Judge Matsumoto issued a Report and Recommendation ("May 3 R&R") denying Plaintiffs' request to amend the complaints for dockets 00-CV-2007, 03-CV-3978 (New Phone's cases) and dockets 01-CV-3934, 01-CV-8506, 03-CV-192, and 04-CV-3541 (Best's cases). (*See* May 3 R&R at 4, docket entry no. 161 filed in 00-CV-2007.) The May 3 R&R further recommended that:

> Best Payphones and New Phone be precluded from instituting, without leave of court, any new action arising from or related to the enactment and enforcement of defendants' regulatory systems with respect to public pay telephones in New York City, and defendants' alleged conspiracy to discriminate against other public pay telephone providers.

(May 3 R&R at 7.)

On August 5, 2005, the Court issued the injunction that, *inter alia*, prohibited Plaintiffs from filing further duplicative actions without leave of court, dismissed the 05-CV-1702 complaint, and adopted the May 3 R&R in its entirety, with one exception:

> Judge Matsumoto stated that the complaint filed on April 4, 2005 provided further support for denying the requests for leave to amend. I find that the requests for leave to amend are properly denied whether the new complaint was filed or not. Further, because the [05-CV-1702 complaint] is largely duplicative of earlier complaints and acts to circumvent the Court's denial of the requests for leave to amend, it is hereby dismissed.

2

(Docket entry no. 176 at 3, filed in 00-CV-2007; docket entry no. 2 at 3, filed in 05-CV-1702.)

On August 17, 2005, Plaintiffs sought leave of Court to file a new complaint. (*See* docket entry no. 177 filed in 00-CV-2007.) The Court denied the request on August 26, 2005 and applied the order to dockets 00-CV-2007; 03-CV-3978; 01-CV-8506; 01-CV-3934; 03-CV-0192; and 04-CV-3541. Plaintiffs appealed the Court's August 5, 2005 and its August 26, 2005 orders. The Second Circuit denied the appeal of the August 26, 2005 order without prejudice, vacated the portion of the August 5, 2005 order that dismissed the 05-CV-1702 complaint, and remanded the 05-CV-1702 case because it found it "preferable to allow the district court to reconsider the new complaint in the first instance" before dismissing a complaint. *See New Phone Co., Inc. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007), *amending and superseding New Phone Co., Inc. v. City of New York*, 488 F.3d 96 (2d Cir. 2007).

Following the Circuit's decision, on May 21, 2007, the Court reinstated the 05-CV-1702 action and ordered Plaintiffs to:

> [C]onduct a line-by-line comparison of the complaint in 05-cv-1702 with the complaints (or latest filed amended complaints) in: 00-cv-2007, 01-cv-3934, 01-cv-8506, 03-cv-192, 03-cv-3978, 04-cv-3541 and 06-cv-3529. Plaintiffs shall compare and enumerate how, or if, each of the allegations and claims for relief in 05-cv-1702 differ from the allegations and claims for relief in every other complaint or most recent amended complaint in the above-listed cases, and file this comparison via ECF by 6/4/07.

On June 19, 2007, Plaintiffs compared the 05-CV-1702 complaint to the previously filed complaint in 00-CV-2007 as follows:

> The Complaint in 05-1702 is largely similar to the Amended Complaint in 00-2007, with three significant changes:
>
> (1) [Best] is added as a joint Plaintiff with The New Phone Co., Inc. ("New").
>
> (2) Allegations are added objecting to the recently-promulgated moratorium against any new advertising on public pay telephone ("PPT") enclosures in Manhattan

3

>> Community Districts 1 through 8 (generally below 96th Street [110th Street on the West Side] or the former "Core").
>
> (3) Allegations are added objecting to the recently-promulgated sixfold increase in the application fee for each PPT from $59 to $395.

(*See* docket entry no. 11.)

### B. 00-CV-2007 R&R

Before the Second Circuit remanded the 05-CV-1702 action, on November 30, 2006, Judge Matsumoto issued a Report and Recommendation in 00-CV-2007 ("00-CV-2007 R&R") concluding that the City of New York's motion to dismiss New Phone's amended complaint should be granted. (*See* docket entry no. 210 filed in 00-CV-2007.) The 00-CV-1702 R&R found that: "(1) plaintiff lacked standing to sue; (2) plaintiff's claims were moot; (3) plaintiff's claims were barred by *res judicata*; and (4) plaintiff failed to state a claim upon which relief could be granted." (*Id*. at 10-11.) The 00-CV-2007 R&R also denied leave to replead. The Court adopted the 00-CV-2007 R&R on April 6, 2007, and judgment was entered on April 10, 2007. (*See* docket entry no. 228 filed in 00-CV-2007.) On April 12, 2010, the Circuit affirmed the judgment. (*See* docket entry no. 244 filed in 00-CV-2007.)

### C. Order to Show Cause Issued on October 9, 2007

Plaintiffs filed a letter, seeking an order pursuant to Fed. R. Civ. P. 60(b), to vacate the August 5, 2005 injunction imposed on Plaintiffs. (*See* docket entry no. 7.) On June 6, 2007, the Court granted Plaintiffs leave to file the motion. By order dated June 12, 2007, Judge Gleeson referred the matter to Judge Matsumoto for a Report and Recommendation on Plaintiffs' motion.

Judge Matsumoto issued her Report and Recommendation on October 9, 2007 ("05-CV-1702 R&R"), recommending that the Court deny Plaintiffs' motion to reconsider the August 5, 2005 injunction. (*See* docket entry no. 20.) The 05-CV-1702 R&R reasoned that:

4

> There can be no doubt that plaintiff has sought and will seek repeatedly to litigate and relitigate the same claims, as evidenced by plaintiff's repeated, willful violation of the August 5, 2005 injunction. (*See* doc. no. 1 in 06-cv-3529, Complaint, dated 7/17/06; doc. no. 41, Att. 5, in 07-cv-2474, Complaint, dated 7/23/06.) Moreover, the two actions filed without leave of court, 06-cv-3529 and 07-cv-2474, are, by plaintiffs' own admission, "virtually" or "largely" identical to actions previously filed and adjudicated. (*See* doc. no. 11 in 05-cv-1702, stating that the 05-cv-1702 complaint is "largely similar" to the 00-cv-2007 complaint; doc. no. 43 in 07-cv- 2474, stating that the 07-cv-2474 complaint is "virtually identical, word-for-word and paragraph-by- paragraph" to the 06-cv-3529 complaint.) Furthermore, as defendants note, "[t]he injunction is not an impenetrable barrier to the filing of further lawsuits, but merely a process to avoid future duplicative or frivolous new suits." (Dfs' Opp. at 2.) This gate-keeping measure aims to minimize the burdens imposed upon defendants and the court, while also ensuring that all meritorious claims be considered.

(05-CV-1702 R&R at 18.)

It observed that the 05-CV-1702 complaint "is exactly the same as the complaint in 00-CV-2007." (*Id.* at 21.) It further recommended:

> [T]hat plaintiffs be ordered to show cause, by October 26, 2007, why (except for the claims regarding changes to the City's regulations prohibiting advertising in certain areas of Manhattan and the City's increased application fee (*see* doc. no. 1 in 05-cv-1702, Complaint, dated 4/4/05, ¶¶ 25(e) and 25(i))), all other claims in 05-cv-1702 should not be dismissed on *res judicata* grounds.

(*Id.*)

The Court adopted the 05-CV-1702 R&R in its entirety and referred the order to show cause to Judge Matsumoto for a report and recommendation. (*See* docket entry nos. 30, 43.) Plaintiffs submitted a response to the order to show cause on January 23, 2008, and Defendants' response was submitted on January 28, 2008. On February 26, 2008, the action was stayed pending the Court's decision in the 03-CV-192 action and then again on July 30, 2009 pending Plaintiffs' appeal of the 00-CV-2007 dismissal. I lifted the stay on May 24, 2010 and allowed the parties to make further submissions regarding the order to show cause.

Both Plaintiffs and Defendants have been afforded sufficient time to respond to the order to show cause. Having reviewed the records in the multiple cases and the submissions presented to

5

me, I respectfully recommend that the Court cannot dismiss the 05-CV-1702 complaint on res judicata grounds. However, I recommend that with the exceptions of paragraphs 25(e), 25(i) and 44 of the 05-CV-1702-complaint, the Court may dismiss the action because Plaintiffs are estopped from re-litigating the standing issue that was previously decided against them. I further recommend that in light of Plaintiffs' concessions that they lack standing to sue, that the Court dismiss the 05-CV-1702 complaint in its entirety.

### III. Plaintiffs' Response to the Order to Show Cause

Plaintiffs argue that because the 00-CV-2007 R&R's dismissal based on standing is not an adjudication on the merits, res judicata cannot apply. They further argue that any additional discussion made by the Court after it was determined it lacked jurisdiction was dicta. Defendants maintain that the dismissal of the 00-CV-2007 was on the merits and the Court should give the dismissal preclusive effect. As discussed *supra*, the Court dismissed the complaint in 00-CV-2007 because: (1) New Phone lacked standing to sue; (2) New Phone's claims were moot; (3) New Phone's claims were barred by res judicata; and (4) New Phone failed to state a claim upon which relief could be granted. (*See* 00-cv- 2007 R&R at 10-11.) Plaintiffs admitted, and the Court agreed, that the complaint filed here is exactly the same as the one filed in 00-CV-2007, with the exceptions of paragraphs 25(e), 25(i), and 44 of the 05-CV-1702 complaint. (*See* 05-CV-1702 R&R at 21.)

While Defendants have not answered the 05-CV-1702 complaint or formally submitted a res judicata defense, a court may raise such a defense *sua sponte*, so long as the court gives the plaintiff an opportunity to be heard. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993); *Barth v. Kaye*, 178 F.R.D. 371, 379 (N.D.N.Y. 1998). I agree with Plaintiffs that to the extent the 00-CV-2007 R&R dismissed the complaint for lack of standing, the dismissal does not have

the same preclusive effect for res judicata purposes as a decision on the merits. *See St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) (noting that "a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no res judicata effect"); *Thompson v. County of Franklin*, 15 F.3d 245, 247-49 (2d Cir. 1994) (noting that a dismissal for lack of Article III standing is a dismissal for lack of subject matter jurisdiction). The question remains whether the Court can apply res judicata because the 00-CV-2007 R&R also held that Plaintiffs' complaint failed to state a claim and was barred by res judicata as it related to Best's Article 78 proceeding.

### A. Dismissal For Failure to State a Claim

As the Court previously noted, dismissal for failure to state a claim is an adjudication on the merits with preclusive effect. *See Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n. 6 (2d Cir. 2006); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981). Plaintiffs argue that the Supreme Court's decision in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-95, 118 S. Ct. 1003 (1998), prohibited the Court from reaching the merits in the 00-CV-2007 action.

In *Steel Co.*, the district court had dismissed the suit for lack of jurisdiction and for failure to state a claim upon which relief could be granted. *See id.* at 88. The court of appeals, without determining whether the district court had jurisdiction, reversed the district court ruling on the merits. *See id.* In a plurality opinion, the Supreme Court ruled that the court of appeals had erred in failing to determine, before deciding the merits, whether the district court had jurisdiction. *See id.* at 110. The Court required that the lower federal courts decide the jurisdictional argument first before they can turn to the merits, thus prohibiting courts from

7

assuming their own jurisdiction in order to reach the merits of the case. *See id*. 101-102. It rejected the position of several courts of appeals "which find it proper to proceed immediately to the merits question, despite jurisdictional objections, at least where (1) the merits question is more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied." *Id.* at 93. The Court reasoned that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id*. at 93–95. It emphasized that in order to dismiss a claim for failure to state a claim, a court must have "power to entertain a particular claim - a condition precedent to reaching the merits of a legal dispute." *Haywood v. Drown*, -- U.S. --, 129 S. Ct. 2108, 2126 (2009) (citing *Steel*, 523 U.S. at 94).

The 00-CV-2007 R&R did decide the jurisdictional argument first before addressing the remainder of Defendants' motion. It explicitly held that "this Court finds that the amended complaint fails to allege constitutional Article III standing." (00-CV-2007 R&R at 13.) Since it was styled as a Report & Recommendation, the magistrate judge had a duty to address the remainder of Defendants' motion should the district judge reject the finding that the plaintiff lacked standing. The district court's adoption of the 00-CV-2007 was in its entirety, but the adoption did not opine further on the ruling. Defendants urge me to hold that the dismissal of the action was on the merits, in part because the 00-CV-2007 R&R ruled that Plaintiff failed to state a claim upon which relief could be granted.

After careful analysis of *Steel Co*. and its application by the Second Circuit, I conclude that because the Court found that it lacked jurisdiction, the dismissal of the 00-CV-2007 complaint could not extend to the merits of the action. *See Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*, 462 F.3d 219, 235 (2d Cir. 2006) ("Where the standing question concerns the

8

constitutional jurisdiction of a federal court, however, the judgment on the jurisdictional issue predominates and is antecedent to any discussion of the merits, rendering the merits-based reasoning dicta." (citing *Steel Co.*, 523 U.S. at 94-95)); *U.S. v. Blackburn*, 461 F.3d 259 (2d Cir. 2006) (refraining from reaching the substantive issues because it lacked jurisdiction); *McDermott v. New York Metro LLC*, 664 F. Supp. 2d 294, 307 (S.D.N.Y. 2009) (declining to decide the defendants' Fed. R. Civ. P. 12(b)(6) motion once it was determined that the plaintiffs lacked standing); *Hertzner v. U.S. Postal Serv.*, No. 05-CV-2371, 2007 WL 869585, at *8 (E.D.N.Y. Mar. 20, 2007) (refusing to consider the defendant's 12(b)(6) arguments because without jurisdiction, the court "'lacks power to dismiss [the C]omplaint for failure to state a claim'" (quoting *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963))); *Harrison v. Potter*, 323 F. Supp. 2d 593, 598 (S.D.N.Y. 2004) ("A court should consider a motion under Federal Rule of Civil Procedure 12(b)(1) prior to the merits of a claim because the substantive merits thereafter 'become moot and do not need to be determined.'" (quoting *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990))).

Here, because Plaintiffs did not have the requisite Article III standing, the Court lacked jurisdiction to decide whether the complaint stated a claim upon which relief could be granted. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) ("Whether the complaint fails to state a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.").[2]

---

[2] Defendants urge me to apply the holding in *Williams v. Ward* for the proposition that if a court decides a case on multiple grounds, as long as one of the grounds is substantive, res judicata can apply. 556 F. 2d 1143, 1154 (2d Cir. 1977). However, in light of the ruling in *Steel Co.*, which succeeded *Williams v. Ward*, I am reluctant to do so. *But see Bess v. Spitzer*, 459 F. Supp. 2d 191, 200 (E.D.N.Y. 2007). *In Bess v. Spitzer*, the plaintiff's Article 78 was dismissed before the disposition of the parallel federal court case for lack of standing as well as on the merits. The district court applied res judicata to the federal case because although the plaintiff lacked standing in the Article 78 proceeding, the district court noted that the standing issue was not the only basis for the dismissal. *See id*. The district court, citing *Williams*, held that "[a]n alternative ground for a particular judgment is entitled to res judicata."

9

Accordingly, I conclude that the Court cannot apply res judicata to the 05-CV-1702 complaint on the basis that the 00-CV-2007 R&R found that the complaint failed to state a claim upon which relief can be granted. I will turn next to the question of whether the 05-CV-1702 complaint is barred by res judicata because of the prior dismissal of Best's Article 78 proceedings.

### B. Res Judicata Based on the Article 78 Proceeding

As the 00-CV-2007 R&R describes in greater length, Best had previously brought a similar action in state court. (*See* 00-CV-2007 R&R at 35-50.) The New York Supreme Court dismissed Best's Article 78 petition because the applicable four-month statute of limitations period had expired. This decision was affirmed by the Appellate Division, Second Department, and the New York Court of Appeals. *Best Payphones, Inc. v. Dep't of Info. Tech. & Telecomm. of City of New York*, 767 N.Y.S.2d 650 (App. Div. 2003), *aff'd*, 5 N.Y.3d 30 (2005), *reh'g. denied*, 5 N.Y.3d 824 (2005).

In both New York and federal courts, there are three general requirements for a res judicata defense: "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (internal citations omitted); *accord Ruiz v. Comm'r of the Dep't. of Transp. of the City of New York*, 858 F.2d 898, 902 (2d Cir. 1998); *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485 (1979). Notwithstanding the fact that it has already been decided by previous orders of this Court, I find that this action (except for paragraphs 25(e), 25(i) and 44 of the 05-CV-1702 complaint) arises from the same set of operative facts that formed the basis of the Article 78 proceeding, the issues are sufficiently

---

*Id.* However, in *Bess*, unlike here, it was a state court deciding the case on multiple grounds. The holding in *Steel Co.* prohibits *federal* courts from deciding a case on the merits when constitutional standing is lacking.

identical, the parties are in privity, and the relief sought here was available to Best in the Article 78 proceeding. (*See* 00-CV-2007 R&R at 35-50.) However, the issue remains whether the state action dismissal on statute of limitations grounds can give preclusive effect to the 05-CV-1702 complaint. I find that it cannot.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L.Ed.2d 56 (1984); *accord Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466, 102 S. Ct. 1883, 72 L.Ed.2d 262 (1982) ("[28 U.S.C. § ]1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."); *Brooks v. Giuliani*, 84 F.3d 1454, 1463 (2d Cir. 1996). This Court, relying on *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 397 (2d Cir. 1997) and *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 194 n. 3 (1981), previously held that "a determination on statute of limitations grounds constituted a final judgment and has the same preclusive effect as a determination 'on the merits' of a claim." (00-CV-2007 R&R at 37.)

However, in light of the recent Second Circuit decision in *Cloverleaf Realty of New York, Inc. v. Town of Wawayanda*, 572 F.3d 93 (2d Cir. 2009), the Court's original application of res judicata based on the Article 78 proceeding no longer stands. In *Cloverleaf Realty*, the plaintiff sought to invalidate a special tax assessment by bringing a declaratory judgment action in New York state court. *See id*. at 94. The state court found the complaint untimely under the governing four-month statute of limitations. *See id*. The plaintiff later filed an identical action in federal court to take advantage of the longer statute of limitations. *See id*. The federal district court dismissed the action, finding that the earlier state court dismissal had preclusive effect on

11

plaintiff's claim. *See id*. at 95. It determined that, under New York preclusion law, a dismissal on timeliness grounds is treated as a judgment on the merits and plaintiff's claim, therefore, could not be litigated in federal court. *See id*. at 95. The Second Circuit vacated the dismissal, reasoning that the state court's dismissal "barred for lack of timeliness thus merely barred its ability to obtain relief in the courts of New York. The underlying right remains intact, and a remedy remains available in the federal courts." *Id*. (citing *Tanges v. Heidelberg N. Am., Inc.*, 93 N.Y.2d 48, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999)). The court found that *EFCO* did not bind its decision, in part because it was decided before the New York Court of Appeals' decision in *Tanges*. *See Cloverleaf*, 572 F.3d at 96 n. 2. It also distinguished *Russell Stage*, reasoning in part that the dismissal in *Russell Stage* was not "merely on statute of limitations grounds, but also on statute of frauds grounds." *Id*. at 96. The court ultimately concluded that "dismissal of a claim solely for lack of timeliness in a New York state court does not preclude the same claim from being brought in another jurisdiction with a longer statute of limitations." *Id*.

Based on *Cloverleaf*, I find that the dismissal of Plaintiffs' Article 78 proceeding for untimeliness cannot preclude the 05-CV-1702 complaint. *See Joseph v. HDMJ Restaurant, Inc.*, 685 F. Supp. 2d 312, 316 (E.D.N.Y. 2009) ("*Cloverleaf Realty* appears to eviscerate the basis for [the] long-standing holding that a dismissal of an Article 78 petition for untimeliness constitutes a decision "on the merits" which creates a res judicata bar to a subsequent [] suit in federal court.").

### C. Preclusive Effect Based on Lack of Standing

Defendants argue that Plaintiffs are estopped from re-litigating the standing issue in the 05-CV-1702 complaint. They further argue that if any claims are allowed to proceed, they intend to bring a motion to dismiss for lack of standing.

The "fundamental notion [of collateral estoppel] is that an *issue of law or fact* actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies." *U.S. v. Alcan Aluminum Corp.*, 990 F.2d 711, 719-20 (2d Cir. 1993). As discussed *supra*, the Court dismissed the 00-CV-2007 complaint for lack of standing. Unlike res judicata, dismissal of the 00-CV-2007 complaint is given preclusive effect on the standing issue. *See In re Sonus Networks, Inc, S'holder Derivative Litig.*, 499 F.3d 47, 59 (1st Cir. 2007); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *Park Lake Res. Ltd., Liab. v. U.S. Dep't. Of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004); *Kasap v. Floger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) ("[U]nder principles of issue preclusion, even a case dismissed *without* prejudice has preclusive effect on the jurisdictional issue litigated." (emphasis in original)); *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977) ("[W]hile a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack."); *Copeland v. Fortis*, No. 08-CV-9060, 2010 WL 2102454, at *2 n. 1 (S.D.N.Y. May 20, 2010) (citations omitted)). I respectfully conclude that Plaintiffs are estopped from re-litigating the issue again in the 05-CV-1702 complaint (except for paragraphs 25(e), 25(i), and 44 of the complaint).[3]

Moreover, beginning as early as June 2010, Plaintiffs have conceded in many filings to the Court that they lack standing to pursue the 05-CV-1702 action. (*See* docket entry no. 80 ("respectfully request that …the action be dismissed for lack of standing); docket entry no. 82 ("under the circumstances the Plaintiffs' complaint would not withstand a motion to dismiss for lack of standing"); docket entry no. 83 ("the action should be dismissed for lack of standing");

---

[3] The exclusion of these paragraphs from my conclusion should not be construed as a finding that Plaintiffs do have standing with respect to those paragraphs.

docket entry no. 85 ("the instant action should be dismissed for lack of standing"); docket entry no. 87 ("the Plaintiffs conceded, in light of prior decisions, that their complaint would not withstand a motion to dismiss for lack of standing").) Accordingly, in light of Plaintiffs' concession that they lack standing to sue, I recommend that the Court dismiss the 05-CV-1702 complaint in its entirety.

**IV.     Plaintiffs' Motion to Voluntarily Dismiss the Action Without Prejudice**

On July 19, 2010, Plaintiffs filed a request for a pre-conference motion to voluntarily dismiss the 05-CV-1702 complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Judge Gleeson referred the request to me on July 20, 2010. Without waiting for a decision on the pre-motion conference, Plaintiffs went ahead and filed their motion on July 27, 2010. Plaintiffs wish to withdraw this action without prejudice because of the financial hardship and the substantial resources they have expended while litigating the numerous actions over the past ten years. (*See* docket entry no. 97, Declaration of Michael Chaite, dated July 27, 2010.) Plaintiffs request that the dismissal be without prejudice to avoid affording Defendants a preclusion argument in the pending 03-CV-192 action. Defendants refused to stipulate to a dismissal without prejudice and request that the Court dismiss the action with prejudice.

Plaintiffs further request that the motion to dismiss without prejudice be decided first before deciding the order to show cause. I decline to decide this motion before the order to show cause, which has been pending for three years. Should the Court reject my recommendations that the action be dismissed because Plaintiffs are collaterally estopped from re-litigating the jurisdictional issue and because Plaintiffs have conceded that they lack standing to sue, for the reasons set forth below, I recommend that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Fed. R. Civ. P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision whether to grant a Rule 41(a)(2) motion for voluntary dismissal lies within the sound discretion of the court. *See Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001). Contrary to Plaintiffs' position, voluntary dismissal of an action without prejudice is "not a matter of right." *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). There are two lines of authority courts consider when evaluating a dismissal under Fed. R. Civ. P. 41(a)(2). *See Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). The first line "indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S. Ct. 752, 91 L.Ed. 849 (1947)); *see also D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 2006) (beginning "a litigation all over again does not constitute legal prejudice."). The second line follows the factors set forth in *Zagrano*: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Camilli*, 436 F.3d at 123 (citing *Zagrano*, 900 F.2d at 14). I will address each *Zagrano* factor in turn.

    1. <u>Plaintiffs' diligence in bringing the motion</u>

When analyzing the first factor, courts consider factors such as the length of time an action has been pending. *See Guzman v. Hazemag U.S.A., Inc.*, 145 F.R.D. 308 (E.D.N.Y. 1993); *Bosteve Ltd. v. Murauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y. 1986). However, the length of time an action has been pending is not a dispositive factor. *See Thomas v. N.Y. Dept. of Corr. Servs.*,

No. 00-CV-7163, 2004 WL 1871060, at *3 (S.D.N.Y. Aug. 20, 2004). Courts are concerned with whether the efforts of the party were "geared towards an efficient resolution." *United States v. Underwriters Ins. Co. v. United Pacific Assocs.*, No. 05-CV-1012, 2006 WL 2038507, at *2 (E.D.N.Y. Jul. 19, 2006). Plaintiffs argue that they have been diligent in bringing the motion because they filed their pre-motion conference letter only "56 days after the stay was lifted." They submit that they would have brought the motion earlier had Defendants been willing to stipulate to a dismissal without prejudice. The complaint was filed nearly six years ago, but it was dismissed by the Court and then remanded approximately four years ago. The action was also stayed for over two years. While Plaintiffs could have, but chose not to, move to dismiss their action while the stay was pending, I reluctantly find that the first factor weighs in Plaintiffs' favor.

2. Undue vexatiousness on Plaintiffs' part

This Court, when issuing the August 5, 2005 injunction against Plaintiffs, has already ruled that Plaintiffs have been unduly vexatious. (*See* May 3 R&R at 8.) This factor undoubtedly weighs against Plaintiffs.

3. The extent to which the suit has progressed, including Defendants' efforts and expense in preparation for trial

"Courts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate." *Baldanzi v. WFC Holdings Corp.*, No. 07-CV-9551, 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010). Defendants have not interposed an answer to the complaint and there has been no discovery. Aside from the order to show cause, no other motions have been filed and the parties have not done anything to prepare for trial.

While Defendants have vigorously defended their positions, I find that the third factor weighs in Plaintiffs' favor.

4. The duplicative expense of re-litigation

It is hard to ascertain the expense of re-litigation because the 05-CV-1702 complaint is virtually identical to that of the previous complaint in 00-CV-2007, as well as the other overlapping cases in this district. It is also pointless for Plaintiffs to re-litigate this action because they have conceded that they lack standing. Furthermore, Plaintiffs must first request leave of Court before re-filing the action.

5. The adequacy of Plaintiffs' explanation for the need to dismiss.

It is hardly surprising that Plaintiffs have faced financial hardship and exhausted substantial resources when litigating the ten, nearly duplicative actions. I also note that both the Court and Defendants have expended a considerable amount of resources. However, Plaintiffs' "explanation, that they have brought the motion in order to facilitate an end to the litigation but that they wish to avoid preclusive effects of the district court's ruling on this claim, is adequate." *Catanzano*, 277 F.3d at 110. I find that this factor weighs in favor of granting Plaintiffs' motion.

**V.     Conclusion**

For the reasons set forth above, I respectfully conclude that: (1) res judicata does not bar the 05-CV-1702 complaint; (2) Plaintiffs are collaterally estopped from continuing this action (except for paragraphs 25(e), 25(i), and 44 of the complaint) because of the standing issue decided against them in 00-CV-2007; and (3) the 05-CV-1702 complaint be dismissed in its entirety because Plaintiffs have conceded that they lack standing to sue. Should the Court reject those recommendations, I respectfully recommend that the Court dismiss the action pursuant to Fed. R. Civ. P. 41(a)(2) without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation on ECF. Extensions of time to file objections should be directed to Judge Gleeson. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

**SO ORDERED**

**Dated: March 7, 2011**
          **Brooklyn, New York**

_____/s/ ALC_____
**HONORABLE ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**